Maria HIRSCH and Joseph
Hirsch, Plaintiffs,

v.

POLYMARK CORPORATION, Defendant
and Third–Party Plaintiff,

v.

ANDMORE SPORTSWEAR
CORPORATION, Third–
Party Defendant.

No. 92 CV 1604 (BDP).

United States District Court,
S.D. New York.

May 26, 1995.

John J. Tackach, Finkelstein Levine Gittel-sohn & Tetenbaum, Newburgh, NY, for plaintiffs.

William F. O'Connor, O'Connor & Berg-man, New York City, for defendant & third-party plaintiff Polymark.

Raymond Green and William M. Kimball, New York City, for third-party defendant Andmore Sportswear Corp.

## MEMORANDUM DECISION AND ORDER

PARKER, District Judge.

This action for personal injuries was tried before a jury between March 27 and March 31, 1995. The action is now before the Court on Third–Party Defendant's motions for renewal of its judgment as a matter of law made at the close of all the evidence, pursuant to Rule 50 (Fed.R.Civ.P.); to set aside the verdict, to vacate the second amended judgment, and grant a new trial, pursuant to Rule 59 (Fed.R.Civ.P.); to vacate or correct the second amended judgment and relieve Third–Party Defendant from the final judgment, pursuant to Rule 60 (Fed.R.Civ.P.); and, to vacate the verdict and to stay execution of the judgment, pursuant to Rule 62 (Fed.R.Civ.P.). For the reasons set forth below, the motions are denied.

The Plaintiff, Maria Hirsch ("Hirsch"), brought this action to recover for personal injuries sustained on November 30, 1990, while she was operating a logo machine within the scope of her employment. Hirsch was employed by the Third–Party Defendant, Andmore Sportswear Corporation ("Andmore"). The Defendant, Polymark Corpora-

tion ("Polymark"), sold the logo machine to Andmore. While fastening a logo to a garment, the machine caught Hirsch's hand, severely injuring the middle finger of her left hand. The finger was subsequently amputated.

Hirsch commenced suit against Polymark claiming that its failure to provide, position and secure a flap guard to the machine's anvil permitted her finger to catch between the anvil and the presser head. New York Worker's Compensation law prevented Hirsch from asserting a direct claim against her employer, Andmore. Polymark asserted a third-party claim for contribution against Andmore alleging that Andmore's negligence in altering the machine's finger guard caused Hirsch's injury.

After trial, the jury was given a special verdict sheet on which it was asked, among other questions: (1) "Was Polymark negligent in the design, testing, inspection or distribution of the gooseneck anvil and its removable flapguard and was any negligence on Polymark's part a proximate cause of Ms. Hirsch's injuries?" and (2) "Was Andmore negligent in altering the finger guard on the machine and was any negligence on Andmore's part a proximate cause of Ms. Hirsch's injuries?" The jury answered "yes" to both of these questions and returned a verdict apportioning liability between Polymark and Andmore (15% and 85%, respectively). Andmore seeks to set aside the verdict and vacate the judgment on the grounds that the jury's findings, as reflected in its response to these two special interrogatories, were inconsistent.

■ Andmore asserts that Hirsch offered evidence supporting a single theory of liability against Polymark. According to Andmore, Hirsch's sole theory of liability was that her finger was crushed against the anvil when the presser head descended because the anvil's flap guard, which would have protected her fingers, was missing. Polymark, on the other hand, categorically denied that the missing flapguard was a cause of the accident. According to Andmore, Polymark also only offered evidence supporting a single theory of liability: that Hirsch's finger was caught by the presser head as it ascended because Andmore removed a portion of the finger guard that permitted it to ascend before the presser head. Andmore argues that because neither party offered evidence supporting a theory of concurrent liability, the jury was constrained to find against one party or the other. Andmore argues that the jury's verdict of joint liability therefore contains an inconsistency and must be set aside and the judgment vacated.

■ Where there is an alleged inconsistency in the jury's verdict, it is the duty of the court to attempt to harmonize the answers, if it is possible under a fair reading of them. See *Auwood v. Harry Brandt Booking Office, Inc.*, 850 F.2d 884, 891 (2d Cir. 1988). Accordingly, a court must uphold the verdict of a properly instructed jury if there is any "plausible" explanation for the purported inconsistency in their verdict. See *Bingham v. Zolt*, 823 F.Supp. 1126, 1131 (S.D.N.Y.1993) (citing *United States Football League v. National Football League*, 644 F.Supp. 1040, 1046 (S.D.N.Y.1986) ("the Seventh Amendment imposes upon the courts a constitutional obligation to search for an interpretation of the case which reconciles the verdicts, ... and which respects the principle that juries are not bound by what seems inescapable logic to judges") (internal quotations and citations omitted), *aff'd*, 842 F.2d 1335 (2d Cir.1988).

Therefore, Andmore is entitled to have the verdict set aside on the grounds of inconsistency only if it establishes that on the basis of the evidence and testimony presented at trial no reasonable jury could have found against both Polymark and Andmore. But, the jury's verdict must be affirmed if there is sufficient evidence to support the jury's reasonable findings of fact, even if a different conclusion is also possible.

In this case, Polymark's experts both testified that Andmore's alteration of the finger guard permitted it to ascend before the presser head, creating a potential "pinch point." Although they testified that a flapguard around the anvil would not have prevented an injury at this "pinch point," Hirsch's expert testified to the contrary that in the event the finger guard separated from the

presser head, a flapguard would have protected against injury.

On the basis of this testimony, the jury could reasonably have found that Andmore's alteration of the finger guard permitted momentary exposure of the presser head. And, a jury could reasonably have found that the exposed presser head caught Hirsch's finger as it ascended inside the finger guard, but that, had the flapguard been present, Hirsch's hands would have been beneath it, and her injury would not have occurred. Mindful of the fact that the jury was instructed on weighing the evidence and the elements of the parties' claims, the Court accepts this plausible interpretation of the jury's verdict, although other interpretations, fully supported by the evidence are also possible.

In conclusion, the Third–Party Defendant's motions are denied.

SO ORDERED.